**CHIPS PLUS, INC., Plaintiff,**

v.

**FEDERAL EXPRESS CORP.,**
Defendant.

No. CIV.A.02–1081.

United States District Court,
E.D. Pennsylvania.

July 28, 2003.

Donald Brown, Bala Cynwyd, PA, for Plaintiff.

Brett L. Messinger, Duane Morris LLP, Phila, PA, Timothy A. Ginn, Fed Exp Corp Legal Dept, Memphis, TN, for Defendant.

## MEMORANDUM

EDUARDO C. ROBRENO, District Judge.

### I.  BACKGROUND

Chips Plus, Inc. ("plaintiff"), a Pennsylvania corporation, authorized Bebek Electronic ("Bebek"), located in Finland, to ship certain prepaid electronic parts to plaintiff through defendant Federal Express Corporation ("FedEx")[1] and to charge the cost of shipment to plaintiff's FedEx account.

On or about July 4, 2000, Bebek and FedEx entered into a contract of carriage under which FedEx agreed to ship one package containing the aforementioned electronic parts from Finland to Warrington, Pennsylvania (the "shipment"). FedEx international air waybill number 817326256725 (the "air waybill") was produced as a record of the shipment and copies thereof were provided to Bebek and, ultimately, to plaintiff. The air waybill indicates that the total weight of the shipment was 57 kilograms.

On July 11, 2000, the shipment was delivered to plaintiff. Upon delivery, plaintiff inspected the shipment for damage and found that a number of the electronic parts shipped were, indeed, damaged. Plaintiff claims that this damage occurred as a result of FedEx's negligence and/or intentional conduct during shipment and has caused plaintiff to suffer $117,715.00 in damages for lost profits on the damaged goods. Plaintiff submitted a claim to FedEx seeking payment for the losses it allegedly incurred. FedEx has refused to pay plaintiff the requested amount.

On February 2, 2003, plaintiff filed the instant action in the Bucks County Court

---

**1.**  FedEx is a federally certified all-cargo air carrier operating under the authority granted to it by the Federal Aviation Administration.

of Common Pleas seeking $117,715.00 in damages. On March 1, 2002, FedEx removed the action to this court pursuant to 28 U.S.C. 1441(b) on the grounds that plaintiff's claims are governed by the Warsaw Convention as Amended at the Hague, 1955, and by Protocol No. 4 of Montreal, 1975 ("Amended Warsaw Convention") and, therefore, arise under federal law.

Presently before the court is FedEx's motion for partial summary judgment on the issue of damages. FedEx contends that plaintiff's claims against FedEx are governed by the Amended Warsaw Convention and that, under the provisions of the Amended Warsaw Convention, which limit a carrier's liability with regards to goods damaged during carriage by air, plaintiff's recovery against FedEx is limited to seventeen Special Drawing Rights ("SDRs") times fifty-seven kilograms (the total weight of the shipment), which, according to defendant, represented an amount of $1,329.81 on January 30, 2003.[2] Plaintiff, on the other hand, contends that there are genuine issues of material fact as to whether the Warsaw Convention's liability limits are applicable in this case, and therefore, summary judgment on this issue is inappropriate.

For the reasons stated below, the court finds that there is no genuine issue of material fact in dispute and that under the provisions of the Amended Warsaw Convention, plaintiff's recovery against FedEx is limited to the value of seventeen SDRs, times fifty-seven. Accordingly, partial summary judgment in favor of FedEx is appropriate.[3]

## II. DISCUSSION

### A. *The Standard for Summary Judgment.*

A court may grant summary judgment only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A fact is "material" only if its existence or non-existence would affect outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue of fact is "genuine" only when there is sufficient evidence from which a reasonable jury could find in favor of the non-moving party regarding the existence of that fact. *Id.* In determining whether there exist genuine issues of material fact, all inferences must be drawn, and all doubts must be resolved, in favor of the non-moving party. *Coregis Ins. Co. v. Baratta & Fenerty, Ltd.*, 264 F.3d 302, 305–06 (3d Cir. 2001) (citing *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505).

Although the moving party bears the burden of demonstrating the absence of a genuine issue of material fact, in a case such as this, where the non-moving party is the plaintiff, and therefore, bears the burden of proof at trial, that party must present affirmative evidence sufficient to establish the existence of each element of his case. *Id.* at 306 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548,

---

**2.** As explained in footnote 7 of defendant's reply brief in support of its motion for summary judgment, fluctuation of the monetary markets affects the value of a SDR.

**3.** As discussed herein, FedEx is entitled to summary judgment in this case only on the issue of whether plaintiff's recovery against

FedEx is limited under the Amended Warsaw Convention, i.e., the means by which damages must be calculated in this case. As a result of the constant fluctuation in value of SDRs, the court will not calculate the specific amount of damages, however, until liability has been determined and judgment is entered.

91 L.Ed.2d 265 (1986)). Accordingly, a plaintiff cannot rely on unsupported assertions, speculation, or conclusory allegations to avoid the entry of summary judgment, *see Celotex,* 477 U.S. at 324, 106 S.Ct. 2548, but rather, he "must go beyond the pleadings and provide some evidence that would show that there exists a genuine issue for trial." *Jones v. U.P.S.,* 214 F.3d 402, 407 (3d Cir.2000).

### B. *The Provisions of the Amended Warsaw Convention Apply to This Case.*

The Convention for the Unification of Certain Rules Relating to International Carriage By Air, Oct. 12, 1929, 49 Stat. 3000, T.S. No. 876, 137 L.N.T.S. 11 (1936) *reprinted in* note following 49 U.S.C. § 40105 (the "Original Warsaw Convention") was opened for signature on October 12, 1929, *Fujitsu Ltd. v. Federal Express Corp.,* 247 F.3d 423, 428 (2d Cir.2001), and became effective in the United States on October 29, 1934. *Chubb & Son, Inc. v. Asiana Airlines,* 214 F.3d 301, 306 (2d Cir.2000).

On September 8, 1955, certain provisions of the Original Warsaw Convention were modified by the Protocol to Amend the Convention for the Unification of Certain Rules Relating to International Carriage By Air signed at Warsaw on 12 October 1929, Sept. 28, 1955, 478 U.N.T.S. 371 ("Hague Protocol"). *Fujitsu,* 247 F.3d at 431. The Original Warsaw Convention was further amended by Montreal Protocol No. 4 to Amend the Convention for the Unification of Certain Rules Relating to International Carriage by Air Signed at Warsaw on 12 October 1929 as amended

by the Protocol done at the Hague on 28 September 1955, Sept. 25, 1975, Message Transmitting Two Related Protocols, *reprinted in* S. Exec. Rep. No. 105–20 ("Montreal Protocol No. 4"). Montreal Protocol No. 4 was ratified by the Senate on September 28, 1998 and became effective on March 4, 1999. *Id.*

■ The Amended Warsaw Convention[4] applies "to all international transportation of . . . goods performed by aircraft for hire," so long as "the place of departure and the place of destination, whether or not there be a break in the carriage or a transshipment, are situated . . . within the territories of two High Contracting parties . . . ." Amended Warsaw Convention Art. 1. A High Contracting party is "a state whose ratification of or adherence to the Convention has become effective and whose denunciation thereof has not become effective." *Id.* Art. 40A(1). Additionally, "although the period of carriage by air [does] not extend to any carriage by land, by sea or by river, performed outside an airport," if "such carriage takes place in the performance of a contract for carriage by air, for the purpose of loading, delivery or transshipment, [then] any damage is presumed, subject to proof to the contrary, to have been the result of an event which took place during the carriage by air." *Id.* Art. 18(5).

■ Thus, in order to show that the Amended Warsaw Convention applies, the party asserting jurisdiction, FedEx in this case, must show: (1) that the goods at issue where shipped via international transportation by aircraft; (2) that, at the

---

4. The complete text of the Amended Warsaw Convention, as it is presently in effect in the United States, i.e., the Original Warsaw Convention with the amendments provided for by the Hague Protocol and Montreal Protocol No. 4 incorporated therein, can be found in *The Warsaw Convention Annotated: A Legal Handbook,* by Lawrence B. Goldhirsch. *See* Lawrence B. Goldhirsch, The Warsaw Convention Annotated: A Legal Handbook 515 (2000).

time the goods were shipped, the country of destination and the country from which the goods were shipped were signatories to the Amended Warsaw Convention; and (3) that the damage to the goods in question occurred during carriage by air.

■ In this case, (1) it is undisputed that the goods in question were shipped via international transportation by aircraft; (2) at all relevant times, both the United States (the country to which the goods were shipped) and Finland (the country from which the goods were shipped) were signatories to the Amended Warsaw Convention, *See* Lawrence B. Goldhirsch, The Warsaw Convention Annotated: A Legal Handbook 423–24 (2000); and (3) Article 18(5) of the Amended Warsaw Convention creates a rebuttable presumption that damage to goods which took place in the performance of a contract for carriage by air, as in this case, occurred as a result of an event that took place during carriage by air. Since the plaintiff has failed to point to sufficient evidence to rebut this presumption,[5] the court concludes that damage to the goods in question occurred during carriage by air. All of the conditions to the assertion of jurisdiction having been satisfied, the court concludes that the provisions of the Amended Warsaw Convention apply to this case.

### C. *Limit of Liability for Damage to Goods Shipped Under the Amended Warsaw Convention.*

■ Under the general scheme of the Amended Warsaw Convention, liability is ordinarily strict, but the amount of damages is limited. *Bernardi v. Apple Vacations,* 236 F.Supp.2d 465, 468 (E.D.Pa. 2002) (citing *El Al Israel Airlines, Inc. v. Tseng,* 525 U.S. 155, 170, 119 S.Ct. 662, 142 L.Ed.2d 576 (1999)). In this case, for the purposes of this motion, FedEx concedes that it is liable for the damage sustained to the goods in question. The issue is whether the limits on liability provided for under Article 22 of the Amended Warsaw Convention are applicable to this case.

Article 22 of the Amended Warsaw Convention provides:

[In an action concerning] the carriage of cargo, the liability of the carrier is limited to a sum of 17 Special Drawing Rights per kilogram[ ], unless the consignor has made, at the time when the package was handed over to the carrier, a special declaration of interest in delivery at destination and has paid a supplementary sum if the case so requires. In that case the carrier will be liable to pay a sum not exceeding the declared sum, unless he proves that the sum is greater

---

5. In plaintiff's brief in opposition to summary judgment, plaintiff contends that the damage to the shipment's contents "may have occurred outside the airport in the bonded cage to which the goods were delivered during the course of the custom's inspection or in other 'clearance areas,' " as identified in certain documents produced by FedEx and in FedEx's answers to interrogatories. The Amended Warsaw convention applies so long as, in addition to the requirements set forth above, the goods were damaged while in an aircraft or on airport property. Amended Warsaw Convention Art. 18(4) & (5). Accordingly, in response to plaintiff's speculation,

FedEx provided the court with an affidavit on the part of Ricky G. Hedges ("Hedges"), (doc. no. 28), an "Import Cage Manager" for FedEx which states that Hedges is familiar with clearance procedures for shipments imported into the United States by FedEx and that the "in bond cage" is a secured environment where import packages that have failed to clear U.S. Customs, or other federal regulatory agencies, are held pending clearance. The "in bond cage" is permanently located on airport property. Plaintiff provides no other evidence that the goods in question were not damaged during carriage by air as defined by the Amended Warsaw Convention.

than the consignor's actual interest in delivery at destination.

*Id.* Art. 22(2)(b).

It is uncontested that, at the time when the package containing the electronic parts at issue was handed over to FedEx, neither plaintiff nor Bebek had made a special declaration of interest in delivery at destination or paid a supplementary sum. Thus, argues FedEx, the above limitation of liability limits plaintiff's recovery against FedEx in this case.

Plaintiff, on the other hand, contends that FedEx is not entitled to avail itself of the provisions of the Warsaw Convention which limit its liability because: (1) the air waybill does not contain certain information which, pursuant to Articles 5 through 8 of the Warsaw Convention, must be included on the face of the air waybill; (2) the shipment's contents may have been damaged as a result of FedEx's willful misconduct; and (3) summary judgment on the issue of damages should not be entered on the grounds that there is outstanding discovery which may establish genuine issues of material fact.

1. *The fact that the air waybill does not comply with the requirements of articles 5 through 8 of the Amended Warsaw Convention does not preclude FedEx from availing itself of the provisions of the Warsaw Convention which limit its liability.*

■ Articles five through eight of the Amended Warsaw Convention set forth specific requirements regarding, among other things, certain information that must be contained in an air waybill. *See*

Amended Warsaw Convention Arts. 5–8. Plaintiff contends that the air waybill produced in relation to the shipment at issue in this case is incomplete because it does not include, among other things, the consignor's signature, the place and date of its execution, the agreed upon stopping places and the method of packing,[6] and that, therefore, FedEx is not entitled to avail itself of the provisions of the Warsaw Convention which limit its liability. In support of this contention, plaintiff relies on article 9 of the Original Warsaw Convention which provides:

> If the carrier accepts goods without an air waybill having been made out, or if the air waybill does not contain all of the particulars set out in Article 8(a) to (i), inclusive, and (q), the carrier shall not be entitled to avail himself of the provisions of this convention which exclude or limit his liability.

Original Warsaw Convention Art. 9.

As indicated above, however, Montreal protocol No. 4, which was opened for signature in 1975 and became effective in the United States on March 4, 1999, incorporated the provisions of the Hague Protocol into the Original Warsaw Convention and deleted, replaced and amended numerous provisions of the Original Warsaw Convention as amended by the Hague Protocol. One Such provision is Article 9. Article 9 of the Amended Warsaw Convention provides, in its entirety:

> Non-compliance with the provisions of Articles 5 to 8 shall not affect the existence or the validity of the contract for carriage, which shall, none the less [sic.], be subject to the rules of this Conven-

---

**6.** Plaintiff relies on Articles 5 and 8 of the Original Warsaw Convention as the source of the requirements of a properly executed air waybill. As explained above, however, the version of the Warsaw Convention that was in effect at all times relevant to this case includes the amendments set forth in the Hague

Protocol and in Montreal Protocol No. 4. These amendments reduce the particulars which must appear on an air waybill under the Warsaw Convention. *Compare* Original Warsaw Convention arts. 5–8 *with* Amended Warsaw Convention arts. 5–8.

tion including those relating to limitation of liability.

Amended Warsaw Convention Art. 9. Accordingly, the court finds that plaintiff's reliance on Article 9 of the Original Warsaw Convention is misplaced and that, under Article 9 of the Amended Warsaw Convention, FedEx is not precluded from availing itself of the provisions of the Amended Warsaw Convention which limit its liability.

2. *Under the facts in this case, Article 25 of the Amended Warsaw Convention does not preclude FedEx from availing itself of the provisions of the Amended Warsaw Convention which limit its liability.*

■ Plaintiff contends that FedEx is not entitled to avail itself of the Amended Warsaw Convention's limits on liability because the shipment's contents may have been damaged as a result of FedEx's willful misconduct.[7] Article 25 of the Amended Warsaw Convention provides:

In the carriage of passengers and baggage, the limits of liability specified in Article 22 shall not apply if it is proved that the damage resulted from an act or omission of the carrier, his servants or agents, done with the intent to cause damage or recklessly and with knowledge that damage would probably result; provided that, in the case of such act or omission of a servant or agent, it is also

proved that he was acting within the scope of his employment.

Amended Warsaw Convention Art. 25.

First of all, it is unclear from the text of Article 25 whether Article 25 applies to cases involving the carriage of goods.[8] Second, in this case, plaintiff points to no evidence that the damage to the goods in question "resulted from an act or omission of the carrier, his servants or agents, done with the intent to cause damage or recklessly and with knowledge that damage would probably result." *See id.* Assuming without deciding that Article 25 applies to the carriage of goods, and thus, to this case, the court concludes that plaintiff has failed to raise a genuine issue of material fact as to whether the damage to the goods in question occurred as a result of intentional or reckless conduct on the part of FedEx. Thus, Article 25 does not exempt FedEx from the limits of liability of Article 22.

3. *Partial summary judgment on the issue of damages is appropriate in this case despite plaintiff's assertion that there is outstanding discovery which may establish genuine issues of material fact.*

■ Finally, plaintiff contends that partial summary judgment on the question of limited liability is inappropriate at this stage of the litigation because there is

---

**7.** Plaintiff, again, mistakenly relies on the provisions of the Original Warsaw Convention in support of its argument. With regards to this issue, however, the relevant provisions of the Original Warsaw Convention are substantially similar to the relevant provisions of the Amended Warsaw Convention. Therefore, the court will construe plaintiff's argument against limited liability under Article 25 of the Original Warsaw Convention as an argument against limited liability under Article 25 of the Amended Warsaw Convention.

**8.** Article 25 of the Amended Warsaw Convention specifically addresses the carriage of "passengers and baggage." Amended Warsaw Convention Art. 25. Article 25 of the Original Warsaw Convention and Article 25 of the Original Warsaw Convention as amended by the Hague Protocol do not make this distinction. *Compare* Original Warsaw Convention Art. 25, *and* Hague Protocol Art. XIII (amending Article 25 of the Original Warsaw Convention), *with* Montreal Protocol No. 4 Art. IX (amending Article 25 of the Original Warsaw Convention as amended by the Hague Protocol).

outstanding discovery which may raise genuine issues of material fact as to the applicability of the Amended Warsaw Convention's liability limits. Specifically, plaintiff alleges that further discovery is required in order to establish where and by whom the shipment's contents were damaged. Whether a summary judgment motion is ripe for disposition, or whether it should be denied on the basis of outstanding discovery, is governed by Rule 56(f) of the Federal Rules of Civil Procedure. *See Dowling v. City of Philadelphia,* 855 F.2d 136, 139 (3d Cir.1988). Rule 56(f) provides:

> Should it appear from the affidavits of a party opposing [a motion for summary judgment] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R.Civ. P. 56(f). The Third Circuit "has interpreted Rule 56(f) as imposing a requirement that a party seeking further discovery in response to a summary judgment motion submit an affidavit specifying, for example, what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained." *Dowling,* 855 F.2d at 139–40.

The plaintiff "did not file a Rule 56(f) affidavit with [its] response to [FedEx's] motion for [partial] summary judgment and, therefore, as a procedural matter alone, [ ]has failed to comply with the rule." *See id.* at 140. Moreover, even if plaintiff's brief in opposition to FedEx's motion for partial summary judgment could be accepted as an affidavit, it still fails to comport with the requirements of Rule 56(f). Although plaintiff has identified some of the information sought and has provided somewhat of an explanation as to why this information was not obtained during the discovery period, plaintiff has failed to demonstrate how the information sought would preclude partial summary judgment on the issue of damages. *See id.; Hancock Indus. v. Schaeffer,* 811 F.2d 225, 229–30 (3d Cir.1987) (Rule 56(f) motion, even if treated as an affidavit, insufficient because it failed to explain need for discovery and did not identify particular facts hoped to be uncovered).

With regards to the information that may be obtained as to who caused the damage to the contents of the shipment, plaintiff alleges that the information sought would create issues of fact as to whether the damage was caused by FedEx, U.S. Customs, or an independent contractor. The issue presently before the court, however, is limited to the question of damages. Moreover, for the purposes of the instant motion, FedEx does not contest liability. Thus, because the information sought with regards to the question of who caused the damage to the shipment's contents goes to the issue of liability, not damages, and because liability is uncontested for the purposes of the instant motion, the court finds that the information sought by plaintiff is not relevant to the issue presently before the court.

With regards to the information that may be obtained as to where the damage occurred, plaintiff alleges that documents provided to plaintiff by FedEx suggest that the shipment's contents may have been damaged in the bond cage to which international goods were delivered while awaiting clearance from U.S. Customs. Assuming, however, that the goods were damaged in the bond cage or while being transported to the bond cage, because, as described above (*see* footnote 5), the "bond cage" is part and parcel of the zone de-

fined by the Amended Warsaw Convention to include "carriage by air," FedEx would nonetheless be entitled to avail itself of the provisions of the Amended Warsaw Convention which limit its liability.

Based on the foregoing analysis, the court concludes that, because plaintiff has failed to comply with the requirements of Rule 56(f), plaintiff cannot oppose FedEx's motion for partial summary judgment on the grounds that further discovery is needed.

## III. CONCLUSION

For the reasons stated above, the court finds that: (1) this matter is governed by the Amended Warsaw Convention; (2) under Article 9 of the Amended Warsaw Convention, the fact that the air waybill does not comply with the requirements of Articles 5 through 8 does not preclude FedEx from availing itself of the provisions of the Warsaw Convention which limit its liability; (3) plaintiff has failed to raise a genuine issue of material fact as to whether the damage to the goods in question occurred as a result of intentional or reckless conduct on the part of FedEx and that, therefore, Article 25 of the Amended Warsaw Convention does not preclude FedEx from availing itself of the provisions of the Amended Warsaw Convention which limit its liability; and (4) plaintiff has failed to comply with the requirements of Rule 56(f) in the context of its opposition to FedEx's motion for partial summary judgment on the grounds that further discovery is needed.

Thus, the court concludes that, under Article 22(2)(b) of the Amended Warsaw Convention, plaintiff's recovery against FedEx is limited to the value of seventeen

SDRs times fifty-seven (the weight of the shipment in kilograms as indicated on the air waybill) and, therefore, FedEx's motion for partial summary judgment will be granted.[9]

An appropriate order follows.

### ORDER

**AND NOW**, this _____ day of July, 2003, pursuant to the accompanying memorandum, it is hereby **ORDERED** that defendant's motion for partial summary judgment (doc. no. 23) is **GRANTED**.

**AND IT IS SO ORDERED.**

---

**9.** As explained in footnotes 2 and 3, FedEx is entitled to summary judgment in this case only on the issue of whether plaintiff's recovery against FedEx is limited under Article 22 of the Amended Warsaw Convention. As a result of the constant fluctuation in value of SDRs, the court will not calculate the specific amount of damages until liability has been established and judgment is entered.